```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

CASSANDRA BERRY, ADMINISTRATRIX
OF THE ESTATE OF MAMIE MCDONALD                         PLAINTIFF


VS.                             CIVIL ACTION NO. 3:07CV305TSL-JCS


SOUTHWEST AIRLINES CO., AND
REBECCA FAWCETT                                        DEFENDANTS


                   MEMORANDUM OPINION AND ORDER

   This cause is before the court on the motion of defendants Southwest Airlines Co. and Rebecca Fawcett for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Cassandra Berry, Administratrix of the Estate of Mamie McDonald, has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

   Mamie McDonald filed this action against Southwest Airlines Co. (Southwest) and Southwest employee Rebecca Fawcett asserting a claim of negligent misrepresentation against Southwest and Fawcett, and additional claims against Southwest for negligence, breach of contract and violation of Title III of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12181 et seq., based on the following allegations: that due to her health, plaintiff often required oxygen and thus was in need of ready access to oxygen at

all times; that prior to her purchasing a ticket for round-trip flight from Jackson, Mississippi to Los Angeles, California, plaintiff was informed by Southwest ticketing agent Rebecca Fawcett that while plaintiff could not take her own personal oxygen supply on the flight, oxygen would be available on the flight for her use; that while on the flight, plaintiff began having difficulty breathing but was told there was no oxygen on board; that despite receiving medical attention while on board, plaintiff became gravely ill and upon landing, was transported to an area hospital, where she was admitted to intensive care and remained hospitalized for ten days; and that following her release from the hospital, Southwest denied her passage on a return flight, which caused plaintiff to have to incur the expense of purchasing a ticket from another airline and to lose the money she had paid for her Southwest return ticket.[1]

Defendants have moved for summary judgment on plaintiff's negligence-based claims, including the claim for negligence and negligent misrepresentation.[2] In support of their motion,

---

[1] Ms. McDonald's complaint was originally brought in the Circuit Court of Simpson County on May 4, 2007, but was removed by defendants on May 30, 2007 on the bases of diversity and federal question jurisdiction. Ms. McDonald died on May 20, 2007, while the case was pending, and her estate was subsequently substituted as the plaintiff herein. None of the actions of defendants herein are alleged to have caused or contributed to Ms. McDonald's death.

[2] Although Southwest purports to seek entry of a final judgment, the arguments in defendants' initial summary judgment memorandum relate solely to the negligence-based claims; Southwest

defendants have presented evidence that, not only was oxygen available on the subject flight, but in fact, oxygen was administered to Ms. McDonald from the time she complained of having breathing difficulties until the flight reached Los Angeles.  In her response, plaintiff, in contrast to the allegation in her complaint that she was told there was no oxygen on board, now asserts that oxygen was not provided to Ms. McDonald when she boarded the plane but was provided only after she became ill so as to require medical care.  She argues that "reasonable jurors could find from a preponderance of the evidence that Ms. McDonald relied upon the representation made to her by Rebecca Fawcett, on behalf of Southwest Airlines, and that such reliance was ultimately to her detriment."

    To prevail on her claim of misrepresentation, plaintiff must prove "(1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to

---

does not address plaintiff's ADA or breach of contract claims against it.  In the rebuttal, Southwest correctly argues that as a matter of law, plaintiff's ADA claim is not actionable, see infra. However, nowhere in defendants' memoranda does Southwest address plaintiff's breach of contract claim, notwithstanding the fact that the claim clearly appears on the face of plaintiff's complaint, and the fact that plaintiff argues in her response that Southwest still has not refunded her the money for her return ticket, which she was not permitted to use.  As Southwest has not addressed this claim, neither will the court.

expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance." Horace Mann Life Ins. Co. v. Nunaley, 960 So. 2d 455, 461 (Miss. 2007) (citing Skrmetta v. Bayview Yacht Club, Inc., 806 So. 2d 1120, 1124 (Miss. 2002)).  To prevail on her claim of negligence, plaintiff must prove that Southwest owed Ms. McDonald a duty, which it breached, and must prove that such breach was a proximate cause of damages suffered by plaintiff.

Here, on her claim for negligent misrepresentation, plaintiff has not presented evidence sufficient to support a finding of any misrepresentation by defendant Fawcett.  According to plaintiff's proof, upon Ms. McDonald's inquiry whether Southwest would supply oxygen on the plane, Fawcett said yes.  In fact, there was oxygen available on board the plane.  There was no misrepresentation.

Furthermore, plaintiff cannot prevail on her negligence claim, as she has failed to demonstrate that Southwest owed a duty to provide continuous oxygen to a passenger.  Moreover, both claims fail for the additional reason that plaintiff has failed to present any evidence tending to show that the lack of access to a continuous supply of oxygen from the time she boarded the flight proximately caused or contributed to the injuries she suffered.

As defendants note, while plaintiff has alleged she sustained certain injuries as the result of an alleged lack of oxygen, she

has not come forward with any expert medical opinion as to the cause of her alleged injuries. While in less complex cases where causation may be understood with only common sense, causation may be proved by lay testimony alone; however, with injuries that are medically complicated, as is the case here, expert testimony is required to prove causation. See Ellis v. Packnett, Civil Action No. 5:06-cv-33(DCB)(JMR), 2007 WL 2900451, at *1 (S.D. Miss. Sept. 28, 2007) (citing Robinson v. Procter & Gamble Distributing Co., 2004 WL 3019092, *2 (N.D. Tex. Dec. 30, 2004)). See also Cole v. Superior Coach Corp., 234 Miss. 287, 291, 106 So. 2d 71, 72 (Miss. 1958)(in all but simple and routine cases, expert testimony is necessary to establish medical causation).³ Defendants, on the other hand, have offered the opinion of their expert, Steven W. Stogner, M.D., a specialist in internal medicine and pulmonary medicine, who states that, to a reasonable degree of medical certainty, the absence of supplemental oxygen did not cause Ms. McDonald's shortness of breath during the flight and did not cause an exacerbation of her pre-existing chronic obstructive pulmonary disease. It follows that plaintiff cannot sustain her burden with respect to the elements of her claims of negligence and negligent misrepresentation, and therefore, summary judgment will be granted on these claims.

---

   ³ The court notes that plaintiff's designation of experts was stricken by the court by order dated March 19, 2008.

Plaintiff's claim for violation of the Americans with Disabilities Act is barred by the terms of the ADA. The ADA prohibits, among other things, discrimination against individuals on the basis of disability in places of "public accommodation" and in the provision of "specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people...." 42 U.S.C. §§ 12182(a), 12184(a). Aircraft are expressly excluded from the definition of "specified public transportation." 42 U.S.C. § 12181(10) ("The term 'specified public transportation' means transportation by bus, rail, or other conveyance (other than by aircraft) that provides the general public with general or special service ... on a regular and continuing basis."). See Puckett v. Northwest Airlines, Inc., 131 F. Supp. 2d 379, 382 (E.D.N.Y. 2001) (summarizing applicable provisions). Ruta v. Delta Airlines, Inc., 322 F. Supp. 2d 391, 401–02 (S.D.N.Y. 2004) (plaintiff's claim under § 12184 for refusal to carry on account of disability not actionable because "Title II [sic] of the ADA simply does not cover air travel").[4]

---

[4] While defendants did not include plaintiff's ADA claim in their motion for summary judgment, the court may sua sponte dismiss this claim for failure to state a legally viable cause of action. See Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 301 (2d ed.1990)).

Based on the foregoing, it is ordered that summary judgment is granted as to plaintiff's claims for negligence, misrepresentation, and violation of the ADA.

SO ORDERED this 15th day of August, 2008.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE